UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERESA Y. SMITH,

             Plaintiff,

    v.

STOCKTON SOCIAL SECURITY, et al.,

             Defendants.

No.  2:17-cv-0329 KJM DB PS

ORDER

      Plaintiff, Teresa Smith, is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending before the court is plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF Nos. 1 & 2.)  Therein, plaintiff appears to complain about an incident involving the Stockton Police Department.

      The court is required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Here, plaintiff's complaint is deficient.  Accordingly, for the reasons stated below, plaintiff's complaint will be dismissed with leave to amend.

## I.    Plaintiff's Application to Proceed In Forma Pauperis

      Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma

pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western

1   Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

2       The minimum requirements for a civil complaint in federal court are as follows:

3           A pleading which sets forth a claim for relief . . . shall contain (1) a
          short and plain statement of the grounds upon which the court's
4           jurisdiction depends . . . , (2) a short and plain statement of the
          claim showing that the pleader is entitled to relief, and (3) a demand
5           for judgment for the relief the pleader seeks.

6   Fed. R. Civ. P. 8(a).

7   **II.**     **Plaintiff's Complaint**

8       Here, plaintiff's complaint fails to contain a short and plain statement of a claim showing

9   that plaintiff is entitled to relief. In this regard, plaintiff's complaint alleges that her oldest son

10   "was attacked by 5 cops" on November 21, 2014," and that an "officer chp Lumsargis drawed

11   guns (sic) on [plaintiff] that same night."[1] (Compl. (ECF No. 1) at 4.) The complaint, however,

12   does not clearly allege a cause of action. And the only defendants named in the complaint are the

13   Stockton Police Department and the California Highway Patrol. (Id. at 1.)

14       Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

15   complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

16   state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v.

17   Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels

18   and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor

19   does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

20   enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

21   557). A plaintiff must allege with at least some degree of particularity overt acts which the

22   defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

23       "[A] municipality may not be held liable under § 1983 solely because it employs a

24   tortfeasor." Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997).

25   However, a municipality may be liable under § 1983 where the municipality itself causes the

26   constitutional violation through a "policy or custom, whether made by its lawmakers or those

27

28

---

[1] It appears plaintiff may have served as guardian ad litem in an action brought on behalf of James Smith. See James Smith v. City of Stockton, No. 2:15-cv-2511 MCE AC.

whose edicts or acts may fairly be said to represent official policy[.]"  <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978).  Municipal liability in a § 1983 case may be premised upon:  (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (3) the act of an "official whose acts fairly represent official policy such that the challenged action constituted official policy;" or (4) where "an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate."  <u>Price v. Sery</u>, 513 F.3d 962, 966 (9th Cir. 2008).  To sufficiently plead a <u>Monell</u> claim, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  <u>AE ex rel. Hernandez v. Cnty. of Tulare</u>, 666 F.3d 631, 637 (9th Cir. 2012) (quoting <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011)).

Moreover, the right to represent oneself pro se is personal to the plaintiff and does not extend to other parties.  <u>Simon v. Hartford Life, Inc.</u>, 546 F.3d 661, 664 (9th Cir. 2008); <u>see also</u> <u>Russell v. United States</u>, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.")  Thus, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."  <u>Johns v. County of San Diego</u>, 114 F.3d 874, 877 (9th Cir. 1997).[2]

Accordingly, plaintiff's complaint will be dismissed for failure to state a cognizable claim.

**III.    Leave to Amend**

The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  <u>California Architectural Bldg. Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988); <u>see also</u> <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

---

[2]  This is not the first time plaintiff has been advised of these defects with respect to these allegations.  <u>See</u> <u>Teresa Smith v. Stockton Police Department, et al.</u>, No. 2:16-cv-0493 KJM DB PS.

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

////

////

5

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed February 15, 2017 (ECF No. 1) is dismissed with leave to amend.[3]

2. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[4] The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: May 2, 2017                                    /s/ DEBORAH BARNES
                                                     UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.

[4] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.